[NOT FOR PUBLICATION] [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT

 

Nos. 97-1681
 97-1682

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 FRANK RICHARD MERLINO,

 Defendant, Appellant.

 

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF NEW HAMPSHIRE

 [Hon. Steven J. McAuliffe, U.S. District Judge] 

 

 Before

 Selya and Boudin, Circuit Judges, 

 and Dowd,* Senior District Judge. 

 

 Bjorn Lange, Assistant Federal Defender, for appellant. 
 Jean B. Weld, Assistant United States Attorney, with whom 
Paul M. Gagnon, United States Attorney, was on brief, for the 
United States.

 

 November 12, 1997
 

 
*Of the Northern District of Ohio, sitting by designation.

 Per Curiam. In these sentencing appeals there are Per Curiam. 

two, but they may for practical purposes be treated as a single

unit defendant-appellant Frank Richard Merlino challenges the

district court's use of an upward departure under USSG 4A1.3

(Nov. 1992). By order dated October 9, 1997, we directed the

district court to file a written report amplifying the basis for

the extent of the departure. The court promptly complied. We

then afforded the parties an opportunity for supplemental

briefing.

 We have carefully examined the record, including but

not limited to the presentence investigation report, the

transcript of the sentencing hearing, and the district court's

supplementary report of its departure findings. We have also

studied the parties' briefs, entertained oral argument, and

consulted the applicable legal authorities. This review

persuades us beyond serious question that the district court had

both a solid factual basis for concluding that Merlino's criminal

history score substantially underrepresented his criminal past

and a sound legal basis for the ensuing upward departure. See 

United States v. Brewster, No. 97-1448, slip op. at 16-18 (1st 

Cir. Oct. 2, 1997) (describing requirements for invoking USSG

 4A1.3); United States v. Black, 78 F.3d 1, 9-10 (1st Cir. 1996); 

United States v. Aymelek, 926 F.2d 64, 73 (1st Cir. 1991) 

(similar). Our review also convinces us that the district court

followed the proper protocol and did not abuse its discretion in

determining the extent of the departure. See Brewster, supra, 

 2

slip op. at 20-23 (discussing reasonableness requirement for such

departures); United States v. Hardy, 99 F.3d 1242, 1253 (1st Cir. 

1996) (similar).

 Because these determinations are heavily influenced by

the particular facts of Merlino's case, we do not think that a

detailed discussion would serve a useful purpose. From the very

inception of the federal sentencing guidelines, we have cautioned

that "[s]entencing appeals prosecuted . . . in the tenuous hope

that lightning may strike ought not to be dignified with exegetic

opinions, intricate factual synthesis, or full-dress explications

of accepted legal principles." United States v. Ruiz-Garcia, 886 

F.2d 474, 477 (1st Cir. 1989). We then wrote, in words that have

particular pertinence today: "Assuredly, a criminal defendant

deserves his day in court; but we see no purpose in wasting

overtaxed judicial resources razing castles in the air." Id. 

 We need go no further. This case which presents no

fairly debatable question is a paradigmatic example of an

instance in which summary disposition is appropriate.

Affirmed. See Loc. R. 27.1. Affirmed. See Loc. R. 27.1. 

 3